**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BNLFOOD INVESTMENTS LTD. SARL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. WDQ-11-0446 |
| | * | |
| MARTEK BIOSCIENCES CORP., | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM AND ORDER**

On June 27, 2012, Plaintiff BNLfood Investments SARL ("BNLfood") filed a Motion to Compel Richard Greubel and DSM Nutritional Products Ltd. ("DNP Switzerland") to produce certain documents in this antitrust case against Defendant Martek Biosciences Corp. ("Martek"). [ECF No. 53]. The motion seeks enforcement of two subpoenas *duces tecum* ("the subpoenas") issued to Mr. Greubel and DNP Switzerland, both of whom are nonparties.[1] This case has been referred to me for the purposes of resolving discovery disputes. [ECF No. 44]. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth herein, BNLfood's motion will be denied.

On June 6, 2012, BNLfood issued the subpoenas using forms from this Court, the United States District Court for the District of Maryland. The subpoenas purported to require Mr. Greubel and DNP Switzerland to produce certain documents to BNLfood's counsel's office in Washington, D.C. Pl. Mot. Exh. 17-18. BNLfood's counsel served the subpoenas on Mr. Greubel at the conclusion of his deposition in Washington, D.C. on June 6, 2012. Pl. Mot. Exh.

---

[1] BNLfood asserts that, following Martek's sale to DNP Switzerland's parent company, Martek's infant formula business is now managed by Mr. Greubel, who works in the offices of DNP Switzerland. However, Mr. Greubel and DNP Switzerland are not named defendants in this case.

19-20.  On June 19, 2012, Mr. Greubel and DSM Services U.S.A., Inc.[2] sent letters to counsel for BNLfood stating, in relevant part, that the subpoenas did not comport with F.R.C.P. Rule 45.  Pl. Mot. Exh. 3-4.  Counsel engaged in a telephonic meet and confer on June 25, 2012.  Loc. R. 104.7 Certification.  On June 27, 2012, BNLfood filed this Motion to Compel. [ECF No. 53].

> Fed. R. Civ. P. 45(a)(2)(C) states:
>
> A subpoena must issue as follows . . .  for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

Mr. Greubel and DSM Nutritional Products, LLC ("DNP LLC") oppose BNLfood's efforts to compel compliance.[3]  They contend that because BNLfood's subpoenas were issued from this Court in Maryland, but require production of documents in Washington, D.C., the subpoenas are facially invalid.  This Court agrees, because the subpoenas do not comply with the express mandate of Rule 45(a)(2)(C).

BNLfood presents four arguments in defense of the subpoenas' validity.  First, BNLfood suggests that the practice among the parties in the case has been to serve their discovery responses in Washington, D.C.  Fed. R. Civ. P. 34, which governs requests for production, does not contain the same geographical limitations as Rule 45, which governs the issuance of subpoenas.  Although Maryland and Washington, D.C. are geographically close, Rule 45(a)(2)(C) provides no exception for proximity.  Moreover, while Mr. Greubel and DNP Switzerland are closely connected to Martek, they are technically nonparties to this litigation and could not be bound by the parties' informal practice.

---

[2] Although the precise relationship of DSM Services U.S.A., Inc. to either the defendant or the subpoenaed company is unclear, it is not material to the outcome of this dispute.

[3] Although DNP LLC's standing to oppose enforcement of the subpoenas is also unclear, the identity of the opposing party is immaterial to this Court's reasoning.

Second, BNLfood complains that the geographic issue was not raised until after the close of discovery, which now precludes the reissuance of the subpoenas. However, the June 19, 2012 letters from Mr. Greubel and DSM Services U.S.A., Inc. state that each subpoena does "not comport with FRCP Rule 45 and is therefore void-on-its-face." Pl. Mot. Exh. 3-4. BNLfood does not appear to have adequately explored an explanation for that objection during the meet and confer with counsel on June 25, 2012. Because the discovery deadline was July 10, 2012, had the alleged non-compliance with Rule 45 been discussed at the meet and confer, BNLfood would have had time to serve validly issued subpoenas. Moreover, this Court notes that BNLfood served the subpoenas approximately 34 days prior to the expiration of the discovery period. Discovery commenced at least six months earlier. Presumably, BNLfood waited to serve the subpoenas until Mr. Greubel's temporary presence in Washington, D.C. might arguably moot the need to comply with international service requirements. BNLfood's choice to delay service of the subpoenas has resulted in its current predicament. Had the subpoenas been issued at the start of the discovery period, BNLfood would have had ample time to serve revised subpoenas, if necessary.

Third, BNLfood cites several cases from other federal jurisdictions in support of the proposition that the delivery address need not affect the enforceability of a subpoena under Rule 45(a)(2). However, the cases BNLfood relies upon addressed situations where the documents to be produced were located within the district of the issuing court, but the address for delivery was in another jurisdiction. *See, e.g., City of St. Petersburg v. Total Containment, Inc.*, Misc. Case No. 07-191, 2008 WL 1995298 (E.D. Pa. May 5, 2008) (determining that subpoena issued from E.D. Pa. for documents located in E.D. Pa. to be produced in Nashville, Tennessee was valid); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL

3419420, *2 (S.D. Fla. Aug. 27, 2010) (determining that subpoena issued from the Southern District of Alabama for documents located within that district was proper); *Morris v. Sequa Corp.*, 275 F.R.D. 562, 565-66 (N.D. Ala. 2011) (noting that defendant withdrew argument that subpoenas were issued from the wrong court where the subpoenas were issued in the districts where the documents were located); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227 F.R.D. 374, 380-81 (W.D. Pa. 2005) ("district court cannot issue a subpoena . . . to a non-party for the production of documents located in another district").[4]  Those cases do not assist BNLfood, because the documents sought here are those in the possession, custody, and control of Mr. Greubel, who lives and works in Switzerland, and DNP Switzerland, a Swiss company. BNLfood posits that, in addition to the documents from Switzerland, it seeks documents "in and accessible from Maryland, where DNP now exercises control over Martek/DNP LLC." Pl. Reply at 6.  However, documents in the possession of Martek have already been requested through party discovery, and a subpoena to DNP LLC recently has been enforced by a federal court in New York. [ECF No. 74-1].  BNLfood has not established that Mr. Greubel or DNP Switzerland have control over any documents in Maryland that have not already been subject to other discovery mechanisms.[5]  In contrast, it appears that the subpoenas, issued in Maryland, primarily require documents currently located in Switzerland to be produced in Washington, D.C.  Rule 45(a)(2) does not allow such reach.

---

[4] BNLfood also cited two other cases that support an alternative reading of Rule 45(a)(2), focusing not on the location of the documents but on the location of the requested delivery. *See Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998) (invalidating subpoenas issued in Colorado where production was to be made in other states). *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) (determining that 45(a)(2) refers to place where documents are to be delivered, not where they are located). BNLfood's subpoenas are equally deficient under that alternative reading, because the location of the requested delivery is Washington, D.C., not Maryland.

[5] This Court expresses no opinion as to whether documents in Mr. Greubel's possession fall within the scope of BNLfood's discovery requests to Martek.  *See* Pl. Mot. at 4.  This ruling is limited to the validity of the subpoenas.

BNLfood's fourth argument for upholding its subpoenas relies on courts' general reluctance to quash subpoenas. This Court's ruling does not quash the subpoenas. Instead, it holds that the subpoenas were invalidly issued, and therefore declines to compel compliance. BNLfood requests that this Court modify the subpoenas to change the address for delivery from Washington, D.C. to an address in Maryland. Fed. R. Civ. P. 45(a)(3) permits this Court to quash or modify subpoenas for several enumerated reasons, none of which are applicable to this case.[6] BNLfood cites no cases in which a court determined that a subpoena was invalidly issued, and then permitted modification of the invalid subpoena. In fact, this Court appears to lack jurisdiction to modify BNLfood's subpoenas, which are facially invalid. *See, e.g., Small v. Ramsey*¸ No. 1:10cv121, 2011 WL 1044659 (N.D.W.Va. March 21, 2011) (determining that it lacked jurisdiction to enforce a subpoena invalidly issued to a nonparty located in another state) (*citing Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994)).

Because the subpoenas were invalidly issued, this Court need not reach the issues regarding the propriety of service on Mr. Greubel and DNP Switzerland. For the reasons set forth above, BNLfood's Motion to Compel Richard Greubel and DSM Nutritional Products Ltd. [ECF No. 53] is DENIED.

SO ORDERED.

Dated: July 27, 2012                                   /s/
                                                       Stephanie A. Gallagher
                                                       United States Magistrate Judge

---

[6] For example, Rule 45(c)(3)(A) mandates that a subpoena be quashed or modified if it fails to allow reasonable time for compliance, requires extensive travel, requires disclosure of privileged information, or subjects a person to undue burden. Rule 45(c)(3)(B) permits the Court to quash or modify a subpoena that would require disclosure of sensitive commercial information, disclosure of certain information from an unretained expert, or imposes substantial travel expense on a nonparty.