# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

| | |
|---|---|
| BNLFOOD INVESTMENTS LIMITED SARL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSM NUTRITIONAL PRODUCTS, LLC, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br><br>WDQ-11-CV-0446 |

**DEFENDANT DSM NUTRITIONAL PRODUCTS, LLC'S SURREPLY TO PLAINTIFF BNLFOOD INVESTMENTS LIMITED SARL'S REPLY MEMORANDUM**

In its March 13, 2014 Memorandum Opinion and in its March 14, 2014 letter, this Court made clear that Plaintiff BNLfood Investment Limited SARL's "claim for injunctive relief under Section 16 of the Clayton Act is the only active claim in this case." [Dkt. Nos. 105, 107]. Then, the Court asked for briefing as to whether summary judgment should be entered against BNLfood. [Dkt. No. 107]. For some inexplicable reason, BNLfood spent most of its opening brief [Dkt. No. 109] attempting to reargue claims other than the remaining Section 16 claims that were already addressed in the previous motion for summary judgment and motion for reconsideration, both of which BNLfood lost. Now in its Reply ("Plf.'s Reply") [Dkt. No. 113], BNLfood argues that Martek has "conceded" the Clayton Act § 3 count. Plf.'s Reply 1-3. This is not correct.

First, this Court has already ruled twice that BNLfood's non-injunctive claims under Clayton Act § 3 fail. *See* March 28, 2013 Order (granting summary judgment for BNLfood's claims under Sherman Act § 2, Clayton Act § 3, and Maryland Antitrust Act claims) [Dkt. No.

93]; March 13, 2014 Memorandum Opinion (affirming grant of summary judgment on all non-injunctive claims, including Clayton Act § 3 claims) [Dkt. No. 105].

Second, rather than reargue all of the previously ruled upon summary judgment issues (including the Clayton Act § 3 claim), Martek in its briefing on the current issue referred back and incorporated its prior briefs and evidence and focused instead upon the issue that the Court actually asked us to brief: whether summary judgment on the injunctive count should be entered against BNLfood. *See* Martek's Response to the Court's March 2014 Request for Briefing on the Propriety of Summary Judgment on Plaintiff's Claim for Injunctive Relief ("Deft.'s Response Br.") 5 n.11 [Dkt. No. 111]. There was no reason to reargue previously ruled upon issues.

Third, the arguments that Martek articulated in its brief regarding why summary judgment should be granted against BNLfood's Clayton Act § 16 injunctive claims apply to every argument that BNLfood contends support its injunctive claims, including the facts that BNLfood asserts supported its now-failed Clayton Act § 3 claim.

In sum, Martek did not, and does not, "concede[]" liability on the Clayton Act § 3 count that no longer exists and has no impact on the Clayton Act § 16 claim at issue, and Martek continues to seek judgment on the sole remaining claim in BNLfood's complaint—namely the Clayton Act § 16 claim. *See* Deft.'s Response Br. 1, 2-3, 5 n.11 (asking the Court to "end this case," stating "that there is no genuine issue of material fact and that judgment should be entered against BNL on its remaining claim for a permanent injunction," and "incorporate[ing] its previous filings into this Memorandum rather than repeat the voluminous record already ruled upon by the Court.").

                                        Respectfully submitted,

Dated: May 27, 2014                             /s/  Andrea W. Trento
                                        Mark D. Gately (# 00134)
                                        Andrea W. Trento (# 28816)
                                        HOGAN LOVELLS US LLP
                                        Harbor East
                                        100 International Drive, Suite 2000
                                        Baltimore, Maryland 21202
                                        Tel: (410) 659-2700
                                        Fax: (410) 659-2701
                                        E-mail:mark.gately@hoganlovells.com
                                                  andrea.trento@hoganlovells.com

                                        J. Robert Robertson (Admitted *pro hac vice*)
                                        Corey W. Roush (Admitted *pro hac vice*)
                                        HOGAN LOVELLS US LLP
                                        Columbia Square
                                        555 Thirteenth Street, NW
                                        Washington, DC 20004
                                        Phone: (202) 637-5600
                                        Fax:    (202) 637-5910
                                        Email: robby.robertson@hoganlovells.com
                                                  corey.roush@hoganlovells.com

                                        *Attorneys for Defendant DSM Nutritional Products LLC, successor by merger to Martek Biosciences Corp.*